UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTIN CUNNINGHAM and XANE OLSON, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>REYNOLDS CONSUMER PRODUCTS, INC.,<br><br>        Defendant. | Case No. 1:25-cv-3959 |

## NOTICE OF REMOVAL BY REYNOLDS CONSUMER PRODUCTS, INC.

Defendant Reynolds Consumer Products, Inc. ("Reynolds") hereby removes the above-captioned action from the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

This Court has federal jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA") because: (1) the proposed class consists of "thousands" of putative class members thereby satisfying the at least 100-member requirement; (2) minimal diversity exists; and (3) the proposed class asserts an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). No CAFA exceptions apply.

Reynolds hereby provides this "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). As the Supreme Court has explained, the short and plain statement of removal need not contain evidentiary submissions and requires only plausible allegations that the requirements for removal are met. *Id*. The following satisfies this standard.

**Nature of the Removed Action and Procedural History**

1. Plaintiffs Dustin Cunningham and Xane Olson ("Plaintiffs") commenced this action by filing the Complaint (the "Complaint") on or about January 22, 2025, in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 2053LA61 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit A.

2. On March 13, 2025, counsel for Reynolds received a copy of the Complaint via email and agreed on behalf of Reynolds to execute the Waiver of Service of Summons and Acknowledgement of Receipt of Complaint (the "Waiver of Service"), a signed copy of which is attached hereto as Exhibit B.

3. Reynolds now timely removes this action to the United States District Court for the Northern District of Illinois as this Court has jurisdiction pursuant to CAFA.

4. Plaintiffs filed the State Court Action on behalf of themselves and a putative class of similarly situated individuals from whom, according to the Complaint, Reynolds allegedly requested "genetic information" during a physical examination. *See* Exhibit A (Complaint) at ¶ 23.

5. More specifically, Plaintiffs allege that in or around April 2023 and May 2023 they were required to submit to a physical examination and provide their genetic information, including information regarding family members' "history of diabetes, heart disease, kidney disease, and other medical conditions," as a condition of applying for employment in violation of Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq*. ("GIPA"). *See id*. at ¶¶ 24-31.

6. Plaintiffs further allege that Reynolds "requested and/or obtained family medical history or other genetic information" from putative class members who applied for employment, also allegedly in violation of GIPA. *Id*. at ¶ 23.

7. Based on these allegations, Plaintiffs seek to recover, *inter alia*, alleged statutory

damages of $2,500 per negligent violation of GIPA and $15,000 per reckless or intentional violation, as well as reasonable attorneys' fees and costs, and pre- and post-judgment interest, "as allowable by law." *See id*. at ¶ 54.

## Venue

8. Plaintiffs filed this Action in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, located in the Northern District of Illinois.

9. Venue is, therefore, proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1441(a).

## Timeliness of Removal

10. Reynolds removes this action to the United States District Court for the Northern District of Illinois within thirty days of March 13, 2025—the date of service of the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) ("mere receipt of the complaint unattended by any formal service" does not suffice to trigger a defendant's removal period); *Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010) (a defendant has thirty days from the date of proper service to remove).

11. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

## Bases for Removal

I. **All CAFA Removal Requirements Are Satisfied**.

12. CAFA provides that a class action filed in state court is removable to federal court if it meets certain prerequisites. Specifically, CAFA amended 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and

costs. 28 U.S.C. § 1332(d).

13. This case is removable pursuant to CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because: (1) it is putative class action with more than 100 proposed class members; (2) minimal diversity exists; and (3) the Complaint places more than $5,000,000 in controversy.

A. **The Lawsuit is a Proposed Class Action with More than 100 Members.**

14. Under CAFA, the putative class must consist of at least 100 members. 28 U.S.C. § 1332(d)(5).

15. Here, the 100-member requirement is met because Plaintiffs allege that there are "thousands of persons" in the "Nationwide Class" as well as the "Illinois Class." Ex. A (Complaint) at ¶¶ 33-34, 37.

B. **Diversity of Citizenship Exists.**

16. CAFA's diversity of citizenship mandate requires that at least one putative class member be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

17. This requirement is met because Reynolds is a corporation organized under the laws of the state of Delaware with its principal place of business in Lake Forest, Illinois, while the putative "Nationwide Class" consists of individuals residing across the United States. *See* Ex. A (Complaint) at ¶¶ 10, 33. Accordingly, at least one putative class member is a citizen of a different state than Reynolds. 28 U.S.C. § 1332(d)(2).

C. **The Amount in Controversy Exceeds $5,000,000.**

18. CAFA requires that the amount in controversy exceed $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

19. The burden for removing under CAFA is low and requires only "a reasonable

probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *accord Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (plausible, good-faith estimate). Reynolds need not "confess liability" or offer "proof" of damages, since it may rely on "what the plaintiff is claiming." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20. Here, Plaintiffs allege there are "thousands of persons [in] each of the two Classes" and that class members are entitled to either $2,500 or $15,000 for each alleged GIPA violation. Complaint ¶¶ 37, 53-54(D).

21. Reynolds denies that class certification is proper and denies that Plaintiffs or any putative class member are entitled to recover, but based on the allegations in the Complaint that each of the "thousands" of individuals is entitled to up to $15,000, there is over $5,000,000 at issue (*i.e.*, 2,000 individuals x $15,000 = $30,000,000).[1]

22. With this removal, Reynolds does not in any way waive any claims or defenses, nor does it concede that the allegations in the Complaint are accurate, that Plaintiffs' claims are cognizable, or that certification of the proposed class or recovery of any amounts sought (by the Plaintiffs or the putative class) is appropriate.

## Conclusion

23. Based on the foregoing, all requirements for removal under CAFA are met.

24. In accordance with 28 U.S.C. § 1446(a), Reynolds has attached a copy of all process, pleadings, and orders served upon it in the State Court Action, which include the Complaint attached

---

[1] Because Plaintiffs allege "thousands" of class members, it is reasonable to interpret the Complaint's allegations to contemplate at least 2,000 class members.

as Exhibit A, the Waiver of Service attached as Exhibit B, the Summons attached as Exhibit C, and the initial Case Management Order attached as Exhibit D, along with a copy of the docket from the State Court Action, which is attached as Exhibit E. *See* Exs. A-E.

25. In accordance with 28 U.S.C. § 1446(d), Reynolds will promptly provide written notice of the removal of the State Court Action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois.

WHEREFORE, Reynolds removes this case from the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: April 11, 2025    Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Charles E. Westerhaus (ARDC No. 6347022)
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Tel:   (312) 569-1000
Fax:   (312) 569-3000
justin.kay@faegredrinker.com
charles.westerhaus@faegredrinker.com

Rachel A. Beck (*pro hac vice forthcoming*)
1500 K Street, NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 842-8800
Fax: (202) 842-8465
rachel.beck@faegredrinker.com

*Attorneys for Reynolds Consumer Products, Inc.*

**CERTIFICATE OF SERVICE**

      This is to certify that I have this 11th day of April, 2025, served a copy of the foregoing Notice of Removal upon the following counsel of record via email and U.S. Regular Mail:

Carl V. Malmstrom
ARDC No. 6295219
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
malmstrom@whafh.com

Julie Holt
Hedin LLP
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Jholt@hedinllp.com

*Attorneys for Plaintiffs and the Putative Class*

                                                                 */s/ Rachel A. Beck*
                                                                 Rachel A. Beck