# EXHIBIT A

FILED
1/22/2025 11:33 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
NINETEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| DUSTIN CUNNINGHAM and XANE OLSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS, INC.,<br><br>    Defendant. | Case No.: 2025LA00000061 |

**NOTICE PURSUANT TO LCR - 2-2.14** THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM _____ ON _____ AT _____ A.M./P.M. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

### CLASS ACTION COMPLAINT

Plaintiffs Dustin Cunningham and Xane Olson, individually and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant Reynolds Consumer Products, Inc. ("Defendant" or "Reynolds") for violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and allege as follows based on personal knowledge as to themselves and, as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

### INTRODUCTION

1. This case is about Defendant requiring that prospective employees provide their genetic information as a condition of employment or preemployment application with the company, in clear violation of GIPA.

2. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to

1

regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

3. It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from soliciting, requesting or requiring applicants to provide genetic information as a condition of employment, or otherwise use genetic information in its hiring decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (l) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

    (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

  4. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

  5. During the applicable statutory period, Defendant has systematically required applicants for employment to provide their protected familial medical histories (specifically information about disease or disorders in family members) as a condition of applying for employment. To this day, Defendant continues to engage in these practices.

  6. GIPA clearly prohibits what Defendant has done. By requiring prospective employees, including Plaintiffs and members of the Classes (defined below), to disclose their family medical histories as a condition of applying for employment, Defendant violated Plaintiffs' and the putative Classes members' GIPA-protected rights to keep their genetic information private.

  7. Plaintiffs, individually and on behalf of the members of the Classes, seeks monetary and injunctive relief to redress Defendant's violations of GIPA.

## PARTIES

  8. Plaintiff Cunningham is, and at all relevant times was, a resident and citizen of Greenfield, Illinois.

9. Plaintiff Olson is, and at all relevant times was, a resident and citizen of Jacksonville, Illinois.

10. Defendant Reynolds—a producer of household products related to cooking, cleanup, and storage—is incorporated in Delaware and maintains its global headquarters in Lake Forest, Illinois. Defendant owns and operates approximately 19 locations nationwide, with locations in Lake Forest, Jacksonville, and Wheeling, Illinois, and employs approximately 6,000 employees.[1]

## JURISDICTION AND VENUE

11. Personal jurisdiction exists over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is headquartered in the state of Illinois and because the claims of Plaintiffs and all members of the putative Classes arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, and/or required, from its headquarters in Illinois, that Plaintiffs and all members of the putative Classes provide Defendant their genetic information as a condition of applying for employment by Defendant.

12. Venue is proper in this Court because Defendant maintains its corporate headquarters in Lake County.

## FACTUAL BACKGROUND

**I. Illinois's Genetic Information Privacy Act**

13. The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic

---

[1] https://investors.reynoldsconsumerproducts.com/static-files/e12c354c-df94-4164-a0c4-306b3a64896f.

predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

14. These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[2] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

15. To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 *et seq.*, which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

16. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

17. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

II. **Defendant violates GIPA**

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

18. Defendant is an "employer" as defined by GIPA, as it employs employees within the state of Illinois.

19. As part of its standardized hiring process at all its locations nationwide, Defendant requires all prospective employees to undergo a physical examination and answer questions regarding their medical history, i.e., the manifestation of diseases or disorders in family members.

20. Defendant devised and implemented this national hiring policy at its headquarters in Illinois, and has directed, overseen, controlled, and directed that its human resource staff at all its locations nationwide execute this policy, throughout the entire limitation period applicable to this action, also from its headquarters in Illinois.

21. Defendant made the decisions regarding what the physical examination would entail, and the information that prospective employees would be requested and/or required to provide, from its headquarters in Illinois.

22. Additionally, Defendant failed to inform Plaintiffs or any members of the putative Classes of their right not to answer any questions regarding or otherwise provide any of their genetic information as a condition of applying for employment with Defendant. Defendant should have, but failed to, inform Plaintiffs and the members of the putative Classes—from its corporate headquarters in Illinois—of their right not to provide their genetic information during the process of applying for employment with Defendant. Defendant's failure to provide Plaintiffs or any members of the putative Classes such information occurred pursuant to a uniform, nationwide policy implemented by Defendant at its headquarters in Illinois and, at all times relevant hereto, maintained, overseen, and enforced by Defendant from its headquarters in Illinois.

23. By soliciting, requesting, and/or requiring that Plaintiffs and all members of the putative Classes provide their genetic information to Defendant as a condition of applying for

employment, without first informing Plaintiffs or any member of the putative Classes of their right not to provide such information—all of which occurred in Illinois, pursuant to standardized policies and practices implemented, maintained, executed, overseen, and controlled by Defendant from within Illinois—Defendant violated GIPA on a massive scale.

### III.     Plaintiffs' Experiences

24.     In or around May 2023, Plaintiff Cunningham applied for a job with Defendant in Jacksonville, Illinois.

25.     In or around April 2023, Plaintiff Olson applied for a job with Defendant in Jacksonville, Illinois.

26.     As a condition of applying for employment, Defendant solicited, requested, and/or required that Plaintiffs submit to a physical examination and provide information concerning their family medical history, i.e. the manifestation of diseases or disorders in their family members, to Defendant (or another person acting on Defendant's behalf). Such questions included whether Plaintiffs' family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

27.     In response, Plaintiffs disclosed their genetic information, including diseases and disorders with which their family members have been diagnosed in order to apply for employment by Defendant.

28.     Thus, Plaintiffs' sensitive genetic information was solicited, requested, and/or required by Defendant as a condition of Plaintiffs' employment.

29.     Prior to requesting and requiring that Plaintiffs provide such information, neither Defendant nor any other person acting on its behalf informed Plaintiff, either verbally, in writing,

7

or otherwise, of their right not to disclose such information as a condition of applying for employment with Defendant.

30. The information Defendant requested and/or required Plaintiffs to provide as a condition of applying for employment, as alleged above, constituted "genetic information" within the meaning of GIPA (including the applicable provisions of HIPAA referenced and incorporated therein).

31. None of Defendant's solicitations, requests, and/or requirements for Plaintiffs to provide their genetic information to Defendant were made in furtherance of a workplace wellness program.

32. By requiring Plaintiffs to answer questions about their family medical history as a condition of applying for employment, Defendant directly or indirectly solicited, requested, and/or required Plaintiffs to disclose their genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs brings this action pursuant to 735 ILCS § 5/2-801 on behalf of themselves and a "Nationwide Class" comprised of the following similarly situated persons:

> All individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

34. Plaintiffs brings this action pursuant to 735 ILCS § 5/2-801 on behalf of themselves and an "Illinois Class" comprised of the following similarly situated persons:

> All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of applying for employment by Defendant.

35. The Nationwide Class and the Illinois Class are at times herein referred to collectively as the "Classes."

36. The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to thousands of persons for each of the two Classes. It is, therefore, impractical to join each member of either of the Classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

38. **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of each of the Classes and that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

9

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiffs and the Classes are entitled to damages and injunctive relief.

39. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiffs have retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of the above-defined Classes. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of either of the Classes. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Classes or additional claims as may be appropriate.

40. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a

class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

## CAUSE OF ACTION
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
(On behalf of Plaintiffs and the Members of Both Classes)**

41. Plaintiffs fully incorporate all paragraphs above.

42. Defendant is an employer under 410 ILCS 513/l0 in that it employs employees within the state of Illinois.

43. GIPA defines "genetic information" by reference to HIPAA, 45 C.F.R. § 160.103, to include the manifestation of a disease or disorder in family members of an individual.

44. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of applying for employment. 410 ILCS 513/25(c)(l).

45. As a condition of Plaintiffs and the putative members of the putative Classes applying for employment, Defendant solicited, requested and/or required, either directly or indirectly by another person acting on its behalf and at its direction, that Plaintiffs and the members of the Classes undergo physical exams and answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiffs and the members of the Classes to disclose their genetic information as a condition of applying for employment.

46. The information that Defendant solicited, requested, and/or required from Plaintiffs and the members of Classes as a condition of applying for employment, as described above, constitutes "genetic information" that is protected by GIPA. 410 ILCS 513/l.

47. Prior to soliciting, requesting, and/or requiring genetic information from Plaintiffs and the members of the Classes as a condition of applying for employment, Defendant failed to advise Plaintiffs or any other member of either of the Classes, either verbally, in writing, or otherwise, of their statutorily protected rights under GIPA not to provide such information.

48. Defendant also solicited, requested and/or required that Plaintiffs and members of the Classes provide other personally identifying information, including their full names, home addresses, dates of birth, Social Security numbers and gender, as part of their employment applications, including during the physical exams they underwent.

49. The unlawful practices alleged herein, as applied to Plaintiffs and all members of the Classes, were conceived of, implemented, maintained, executed, overseen, and otherwise controlled by Defendant from its corporate headquarters in Illinois.

50. Plaintiffs and all members of the Classes have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

51. Defendant knowingly and/or willfully violated GIPA, and at the very least acted in reckless disregard of the statute's requirements, because the part of the statute relevant to this action has been in effect since 2009; because, on information and belief, Defendant maintains a legal department that routinely performs legal compliance audits (including those required pursuant to applicable regulations in its industry), rendering it well equipped to identify and implement measures to comply with all applicable laws, including GIPA; and because Defendant

nonetheless failed to take any steps, implement any measures, or otherwise take any effort to comply with GIPA prior to requesting, and/or requiring Plaintiffs and members of the Classes to provide their genetic information as a condition of applying for employment by Defendant.

52. Alternatively, Defendant violated GIPA negligently in that any steps it took, measures it implemented, or any other efforts it undertook to comply with GIPA were unreasonable under the circumstances, particularly in light of the nature of Defendant's business and the standard of conduct expected of it in the industry and field in which it operates.

53. On behalf of themselves and the proposed members of the Classes, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the members of the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from them in violation of GIPA and to comply with GIPA's requirements in the future; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

54. WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying the Classes defined above, appointing Plaintiffs as representative of the Classes and their attorneys as counsel for the Classes;

B. Declaring that Defendant's actions, as set forth herein, violate GIPA;

C. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Classes by requiring Defendant to destroy the genetic information it solicited, requested, and/or required from Plaintiffs and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future;

D. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA;

E. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

F. Awarding pre- and post-judgment interest, as allowable by law; and

G. Such further and other relief the Court deems reasonable and just.

## JURY TRIAL

Plaintiffs demands a trial by jury on all issues and claims so triable.

Date: January 22, 2025

*s/ Carl V. Malmstrom*
Carl V. Malmstrom
ARDC No. 6295219
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiffs and Putative Classes*

Julie Holt*
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiffs and Putative Classes*

14